# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **BRANDON WILDER,**<br>**Individually and on behalf of all others similarly situated**<br><br>*Plaintiff,*<br><br>v.<br><br>**THE KROGER CO.,**<br><br>*Defendant.* | Civil Action No. 22-cv-681<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURUSANT** <br>**U.S.C. § 216(b)**<br><br>**CLASS ACTION PURUSANT TO FED**<br>**CIV. P. 23(B)(3)** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff, Brandon Wilder, brings this action individually and on behalf of all current and former employees ("Plaintiff and the Putative Collective/Class Members") who worked for The Kroger Co. ("Defendant" or "Kroger")—anywhere in the United States, at any time from September 1, 2022 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and the Kentucky Wage and Hour Act, KY. REV. STAT. ANN. §§ 337.010–337.994 (the "Kentucky Acts").

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the additional state law claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover liquidated damages, and other applicable penalties brought pursuant to the FLSA and a class action pursuant to the state laws of Kentucky under FED. R. CIV. PROC. 23 to recover unpaid wages, liquidated damages, and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for Kroger at any time during the relevant time period(s) and have not been paid for all hours worked, nor the correct amount of overtime in violation of state and federal law.

3. During the relevant time periods, Kroger's time keeping system suffered outages.

4. The outages led to problems in timekeeping and payroll throughout Kroger's organization; specifically, Kroger was unable to track its employees' hours through the timekeeping system for purposes of calculating pay.

5. Since the outages, which lasted from approximately September 1, 2022 until November 5, 2022, Plaintiff and the Putative Collective/Class Members have either not been paid at all for weeks of work or were eventually paid, weeks after their scheduled payday.

6. Specifically, Plaintiff Wilder received one paycheck over two weeks after it was due to him, and at this time has not been paid at all for three weeks' worth of work.

7. As a result, Kroger's employees were not paid (and remain unpaid) for all hours worked after the onset of the time clock outages in violation of the FLSA and Kentucky Acts.

8. Kroger knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked and the proper amount of overtime on a routine and regular basis during the relevant time period(s).

9. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or the Kentucky Acts.

10. Plaintiff and the Putative Collective/Class Members seek to recover liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid wages, liquidated damages, and other damages owed under the state laws of Kentucky as a class action pursuant to Federal Rule of Civil Procedure 23.

11. Plaintiff prays that all similarly situated workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

12. Plaintiff also pray that the Rule 23 class is certified as defined herein, and the Plaintiff designated herein be named the Class Representative of the Kentucky Class.

## II.
## THE PARTIES

13. Plaintiff, Brandon Wilder ("Wilder"), was employed by Kroger in Kentucky during the relevant time periods. Plaintiff Wilder did not receive compensation for all hours worked in the time frame required under the FLSA and the Kentucky Acts.[1]

14. The FLSA Collective Members are those current and former employees who were employed by Kroger anywhere in the United States from September 1, 2022, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Wilder worked and was paid.

15. The Kentucky Class Members are those current and former employees who were employed by Kroger in Kentucky, at any time from September 1, 2022, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Wilder worked and was paid.

---

[1] The written consent of Brandon Wilder is hereby attached as Exhibit "A."

16. Defendant The Kroger Co. is a domestic for-profit corporation, organized under the laws of the State of Kentucky and may be served with process through its registered agent, Corporation Service Company, 3366 Riverside Drive, Suite 103, Upper Arlington, Ohio 43221.

## III.
## JURISDICTION & VENUE

17. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

18. This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

19. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

20. This Court has general personal jurisdiction over Kroger because Ohio qualifies as its home state.

21. Venue is proper pursuant to 28 U.S.C. § 1391 in the Southern District of Ohio because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

22. Additionally, Kroger's corporate headquarters are in Cincinnati, Ohio, which is located within this District and Division.

## IV.
## ADDITIONAL FACTS

23. Kroger is one of the largest grocery retail chain stores in the United States.[2]

24. To provide its services, Kroger employed (and continues to employ) numerous workers—including Plaintiff and the individuals that make up the putative collective and class.

---

[2] https://www.thekrogerco.com/about-kroger/our-business/.

25. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout Kroger's facilities in the United States.

26. Plaintiff Wilder has been employed as a delivery driver and as a warehouse worker in Union, Kentucky since approximately October 7, 2022.

27. Kroger employed (and continues to employ) other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

28. Moreover, Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure and, as set forth above, the pay plan of Kroger which resulted in the complained of FLSA and state law violations alleged herein.

29. Specifically, after hire Plaintiff and the Putative Collective/Class Members encountered issues with the clock in devices Kroger used to track and pay time not properly working and at times, becoming inoperable.

30. Due to these outages Plaintiff and the Putative Collective/Class Members were either paid weeks after their pay date or were not paid at all for their work.

31. During the relevant time period Plaintiff was (and is) to be paid on a weekly basis.

32. Plaintiff Wilder worked the week of October 16, 2022 to October 22, 2022 but as of this filing has not been paid any wages for this work.

33. Plaintiff Wilder worked the week of October 23, 2022 to October 29, 2022, but was not paid for that work until November 14, 2022, more than two weeks after the wages were due.

34. Plaintiff Wilder also worked the weeks of October 30, 2022 to November 5, 2022 and November 6, 2022 to November 12, 2022 but as of this filing, has not been paid at all for this time.

35. Plaintiff Wilder's fellow drivers and warehouse workers are also experiencing identical issues with their pay with certain weeks being paid several weeks after their pay day and other weeks remaining completely unpaid.

36. On information and belief all other employees throughout the Nation have also gone unpaid. *See* https://www.salon.com/2022/11/11/a-glitch-in-krogers-new-payroll-system-means-some-employees-havent-been-fully-paid-since-labor-day/.

37. Plaintiff Wilder worked hours for which he was not timely paid as of Kroger's time clock outages.

38. Kroger is obligated under the FLSA to pay for work performed on its behalf in a timely manner.

39. The failure to pay wages on their regularly occurring pay date violates the FLSA and Kroger is liable for liquidated damages for committing such violation. *See Martin v. United States*, 130 Fed. Cl. 578 (Feb. 13, 2017). Additionally, guidance issued by Defendant's Department of Labor, U.S. DEP'T OF LABOR, WAGE & HOUR DIVISION, DOL FACT SHEET #70: FREQUENTLY ASKED QUESTIONS REGARDING FURLOUGHS AND OTHER REDUCTIONS IN PAY AND HOURS WORKED ISSUES (Nov. 2009), *available at* http://www.dol.gov/whd/regs/compliance/whdfs70.pdf, indicates that under the circumstances Kroger violated the FLSA by not paying Plaintiff and the Putative Collective Members on their regularly scheduled payday.

40. As a result of its failure to timely pay wages, Plaintiff Wilder the Putative Collective are entitled to liquidated damages for wage received that were paid weeks after their regularly scheduled pay date.

41. Kroger is also obligated under the Kentucky Acts to pay Plaintiff and the Putative Class Members within eighteen (18) days.

42. Kroger's complete failure to pay any wages to the Plaintiff and Putative Class Members for their several weeks of work violates the Kentucky Acts.

43. As a result of Kroger's failure to compensate Plaintiff and the Putative Collective/Class Members for compensable work performed on its behalf in a timely fashion, Plaintiff and the Putative Collective/Class Members worked straight time hours and overtime hours for which they were not compensated within the time frames required by the FLSA and the Kentucky Acts

44. Kroger knew or should have known that its delay in paying Plaintiff and the Putative Collective Members violated the FLSA.

45. Kroger knew or should have known that its complete failure to pay Plaintiff and the Putative Class Members violated the Kentucky Acts.

46. Kroger knew or should have known that its failure to pay wages in a timely manner to Plaintiff and Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

47. Because Kroger did not pay Plaintiff and the Putative Collective/Class Members their earned wages on their regularly scheduled pay date, Kroger's pay policies and practices willfully violated (and continue to violate) the FLSA.

48. Because Kroger did not pay Plaintiff and the Putative Collective/Class Members for all hours worked within the time frame required under the Kentucky Acts, Kroger's pay policies and practices violated (and continue to violate) the Kentucky Acts.

49. Plaintiff and the Putative Collective/Class Members seek to recover liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid wages pursuant to the Kentucky Acts.

50. Because Kroger did not pay Plaintiff and the Putative Class Members for all hours worked on their regularly scheduled pay date, Kroger's pay policies and practices violate the FLSA and the Kentucky state laws alleged herein.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A.  FLSA COVERAGE**

51.  All previous paragraphs are incorporated as though fully set forth herein.

52.  The FLSA Collective is defined as:

**ALL CURRENT AND FORMER EMPLOYEES OF THE KROGER CO. WHO WORKED ANYWHERE IN THE UNITED STATES FROM SEPTEMBER 1, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND HAVE BEEN SUBJECTED TO THE SAME ILLEGAL PAY SYSTEM DUE TO THE TIME CLOCK OUTAGE. ("FLSA Collective" or "FLSA Collective Members").**

53.  At all material times, Plaintiff and the FLSA Collective Members have been employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

54.  At all material times, Kroger has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

55.  At all material times, Kroger has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

56.  Specifically, Kroger operates numerous retail facilities throughout the United States, purchases materials through commerce, transports materials through commerce and on the interstate

highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

57. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Kroger, these individuals have provided services for Kroger that involved interstate commerce for purposes of the FLSA.

58. In performing work for Kroger, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

59. Specifically, Plaintiff and the FLSA Collective Members are employees of Kroger who assisted Kroger's patients from throughout the United States. 29 U.S.C. § 203(j).

60. At all material times, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 207.

61. The proposed class of similarly situated employees, i.e., putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 52.

62. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Kroger.

**B.    FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

63. Kroger violated provisions of Sections 6, 7, and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA and failing to pay them on their regularly scheduled pay day.

64. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Kroger's acts or omissions as described herein; though Kroger is in

possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

65. Moreover, Kroger knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to timely pay Plaintiff and other similarly situated employees for all hours worked.

66. Kroger knew or should have known its pay practices were in violation of the FLSA.

67. Kroger is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

68. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Kroger to pay them timely, according to the law.

69. The decision and practice by Kroger to not timely pay for all hours worked on their regularly scheduled pay day was neither reasonable nor in good faith.

70. Accordingly, Plaintiff and the FLSA Collective Members are entitled to liquidated damages in an amount equal to that of any wages that were paid after their regularly scheduled pay date and attorneys' fees and costs.

**C.     COLLECTIVE ACTION ALLEGATIONS**

71. All previous paragraphs are incorporated as though fully set forth herein.

72. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Kroger's employees who have been similarly situated to Plaintiff with regard to the work they performed, the manner in which they were paid, and their common subjugation to the policies and procedures implemented by Kroger.

73. Other similarly situated employees of Kroger have been victimized by Kroger's patterns, practices, and policies related to the time clock outages which are in willful violation of the FLSA.

74. The FLSA Collective Members are defined in Paragraph 52.

75. Kroger's failure to pay Plaintiff and the FLSA Collective Members for all hours worked within the time frame required by the FLSA, results from Kroger's generally applicable policies and practices implemented to address the time clock outages, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

76. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

77. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

78. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be timely paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

79. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

80. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Kroger will retain the proceeds of its violations.

81. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

82. Accordingly, the FLSA collective of similarly situated plaintiff should be certified as defined as in Paragraph 52 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the Kentucky Wage and Hour Act)

A.  **KENTUCKY ACTS COVERAGE**

83. Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

84. The Kentucky Class is defined as:

**ALL CURRENT AND FORMER EMPLOYEES OF THE KROGER CO. WHO WORKED ANYWHERE IN THE STATE OF KENTUCKY FROM SEPTEMBER 1, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND HAVE BEEN SUBJECTED TO THE SAME ILLEGAL PAY SYSTEM DUE TO THE TIME CLOCK OUTAGE. ("Kentucky Class" or "Kentucky Class Members").**

85. At all material times, Kroger has been an "employer" within the meaning of the KWHA. KY. REV. STAT. ANN. §§ 337.010(d).

86. At all material times, Plaintiff Wilder and the Kentucky Class Members have been "employees" within the meaning of the KWHA. KY. REV. STAT. ANN. §§ 337.010(e).

B.  **FAILURE TO PAY WAGES IN ACCORDANCE WITH THE KENTUCKY ACTS**

87. All previous paragraphs are incorporated as though fully set forth herein.

88. The Kentucky Acts require that "[e]very employer doing business in [Kentucky] shall . . . pay to each of its employees all wages or salary earned to a day not more than eighteen (18) days prior to the date of that payment." KY. REV. STAT. ANN. § 337.020.

89. Kentucky has willfully failed to pay Plaintiff Wilder and the Kentucky Class Members for all hours they worked.

90. Specifically, Kroger has failed to pay any wages for several weeks of work performed by Plaintiff Wilder and the Kentucky Class.

91. Plaintiff Wilder and the Kentucky Class Members have suffered damages and continue to suffer damages as a result of Kroger's acts or omissions as described herein, and Kroger is in

possession and control of necessary documents and information from which Plaintiff Wilder would be able to precisely calculate damages.

92. Plaintiff Wilder, on behalf of herself and the Kentucky Class Members, seeks recovery of their unpaid wages and an additional equal amount as liquidated damages, attorneys' fees, costs, and reasonable expenses of this action to be paid by Kroger. *See* KY. REV. STAT. ANN. §337.385.

93. The proposed class of employees sought to be certified pursuant to the Kentucky Acts, is defined in Paragraph 84.

94. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Kroger.

**C.  KENTUCKY CLASS ALLEGATIONS**

95. Plaintiff Wilder brings his Kentucky claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Kroger to work in Kentucky at any time between September 1, 2022 through the final disposition of this matter.

96. Class action treatment of Plaintiff Wilder's claims are appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

97. The number of Kentucky Class Members is so numerous that joinder of all class members is impracticable.

98. Plaintiff Wilder's claims share common questions of law and fact with the claims of the Kentucky Class Members.

99. Plaintiff Wilder is a member of the Kentucky Class, his claims are typical of the claims of the other Kentucky Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the other Kentucky Class Members.

100. Plaintiff Wilder and his counsel will fairly and adequately represent the Kentucky Class Members and their interests.

101. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

102. Accordingly, the Kentucky Class should be certified as described in Paragraph 84.

## VI.
## RELIEF SOUGHT

103. Plaintiff respectfully prays for judgment against Kroger as follows:

  a. For an Order certifying the FLSA Collective as defined in Paragraph 52 and requiring Kroger to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

  b. For an Order certifying the Kentucky Class as defined in Paragraph 84 and designating Plaintiff Wilder as the Class Representative of the Kentucky Class;

  c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

  d. For an Order pursuant to Section 16(b) of the FLSA finding Kroger liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

  e. For an Order pursuant to Kentucky statutory law awarding Plaintiff Wilder and the Kentucky Class Members unpaid straight time wages and other damages allowed by law;

  f. For an Order awarding costs and expenses of this action;

  g. For an Order awarding attorneys' fees;

   h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

   i. For an Order awarding Plaintiff a service award as permitted by law;

   j. For an Order compelling the accounting of the books and records of Kroger, at Kroger's own expense; and

   k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: November 17, 2022   Respectfully submitted,

   By: /s/ *Robert E. DeRose*
     **Robert E. DeRose** (OH Bar No. 005214)
     bderose@barkanmeizlish.com
     **BARKAN MEIZLISH DEROSE COX, LLP**
     4200 Regent Street, Suite 210
     Columbus, Ohio 43219
     Telephone: (614) 221-4221
     Facsimile: (614) 744-2300

   By: /s/ *Clif Alexander*
     **Clif Alexander** (application *pro hac vice* forthcoming*)*
     Texas Bar No. 24064805
     clif@a2xlaw.com
     **Austin W. Anderson** (application *pro hac vice* forthcoming)
     Texas Bar No. 24045189
     austin@a2xlaw.com
     **ANDERSON ALEXANDER, PLLC**
     819 N. Upper Broadway
     Corpus Christi, Texas 78401
     Telephone: (361) 452-1279
     Facsimile: (361) 452-1284

     **Attorneys in Charge for Representative Plaintiff and Putative Collective/Class Members**